IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FRANK PETTIT and KATHY PETTIT,<br><br>Plaintiffs,<br><br>v.<br><br>DJO UTAH, LLC aka DJO SURGICAL dba ENCORE MEDICAL and DONJOY IMPLANTS, and DOES I–V (ENCORE MEDICAL L.P.),<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [10] DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Case No. 4:18-cv-00011-DN<br><br>District Judge David Nuffer |

Defendant Encore Medical L.P. ("Encore Medical")[1] filed a motion to dismiss (the "Motion to Dismiss")[2] the claims asserted by plaintiffs Frank Pettit and Kathy Pettit (the "Pettits") under Rule 12(b)(6)[3] for failure to state a claim. The Motion to Dismiss is denied without further briefing because it relies upon Encore Medical's version of the facts. This is impermissible on a motion to dismiss.

## DISCUSSION

The Motion to Dismiss calls into question the sufficiency of the Pettits' complaint for product liability (the "Complaint").[4] The Complaint alleges that Mr. Pettit suffered complications, specifically a bacterial infection, after Encore Medical's device, a shoulder

---

[1] Plaintiffs named as the defendants "DJO Utah, LLC, aka DJO Surgical, dba Encore Medical and DonJoy Implants and John Doe Defendants I–V." Encore Medical contends that no such company exists, that steps have been taken to correct the company name with Utah's Department of Commerce, and that Encore Medical is the proper party in interest. Notice or Removal, Exhibit C, Amendment to Foreign Registration, docket no. 2-3, filed April 5, 2018.

[2] Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"), docket no. 10, filed April 12, 2018.

[3] Fed. R. Civ. P. 12(b)(6).

[4] Complaint, docket no. 2-1, filed April 5, 2018 (provided with Notice of Removal after initially filed in Sixth District Court, State of Utah).

prosthesis, was surgically implanted in Mr. Pettit.[5] Encore Medical argues that "nothing about Encore Medical's shoulder device . . makes infection more likely than any other shoulder device," and that "the risk of this infection exists for any shoulder replacement surgery, not just surgery related to Encore Medical's device."[6] Encore Medical's position is that infection is "a common risk of all surgeries and a complication unrelated to the medical device."[7] While Encore Medical's assertions could prove to be true, the Pettits have effectively pleaded otherwise.

For purposes of a motion to dismiss, well-pleaded factual allegations are accepted as true and viewed in the light most favorable to plaintiff as the non-moving party.[8] The Pettits allege that the *design* of the shoulder device "failed to mitigate against but in fact promulgated a known hazard," that is, the bacterial infection.[9] The Pettits further allege that the subject device was defectively designed, including use of improper or defective materials more susceptible to infection.[10] These allegations are sufficient to survive a motion to dismiss.

Encore Medical contends that the breach of warranty and implied contract claims must be dismissed because the Pettits have not alleged reliance or privity of contract with Encore Medical.[11] The Pettits allege an implied contract of which they were an intended beneficiary.[12] The Complaint also asserts that the Pettits expected the shoulder device to be free from dangerous defects or conditions.[13] Encore Medical questions whether such expectations were a

---

[5] Complaint ¶¶ 5–8.

[6] Motion to Dismiss at 2.

[7] *Id.* at 8.

[8] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[9] Complaint ¶ 8.

[10] *Id.* ¶ 7.

[11] Motion to Dismiss at 10–11.

[12] Complaint ¶¶ 27, 28, 31, 32.

[13] *Id*.

"basis of the bargain."[14] But proving that the relationship between the Pettits and Encore Medical was any different than alleged, or that the Pettits did not rely on an expectation of safety from infections, would require fact analysis outside the procedure of a motion to dismiss.[15]

Encore Medical asserts the learned intermediary doctrine, which holds that a patient relies upon the judgment of an intermediary physician when a medical product is available only through the services of the physician.[16] This doctrine does not support dismissal under Rule 12(b)(6). The Pettits have raised a question of fact as to whether the product was defective, as well as the sufficiency of Encore Medical's warnings to both the end user and any intermediary, such as the surgeon.[17] Encore Medical correctly asserts that "the duties of doctors and medical device manufacturers are 'separate and independent' from each other."[18] In this case, however, that delineation remains to be clarified and cannot be decided on the Motion to Dismiss.

In summary, the Complaint alleges facts that, if true, support the Pettits' claims. Therefore, this case is not subject to dismissal under Rule 12(b)(6) for failure to state a claim.

**ORDER**

IT IS HEREBY ORDERED that the Motion to Dismiss[19] is DENIED.

Dated April 16, 2018.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[14] Motion to Dismiss at 11.

[15] Fed. R. Civ. P. 12(b)(6).

[16] *Id.* at 6–7 (citing *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 974–75 (10th Cir. 2001)).

[17] Complaint ¶ 7.

[18] Motion to Dismiss at 8 (citing *King v. Searle Pharm., Inc.*, 832 P.2d 858, 866 (Utah 1992)).

[19] Docket no. 10.